# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | |
| **Originating No. & Caption** | |
| **Originating Court/Agency** | |

| **Jurisdiction** (answer any that apply) | | | |
|---|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | | | |
| Time allowed for filing in Court of Appeals | | | |
| Date of entry of order or judgment appealed | | | |
| Date notice of appeal or petition for review filed | | | |
| If cross appeal, date first appeal filed | | | |
| Date of filing any post-judgment motion | | | |
| Date order entered disposing of any post-judgment motion | | | |
| Date of filing any motion to extend appeal period | | | |
| Time for filing appeal extended to | | | |
| Is appeal from final judgment or order? | | ○ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 804-379-4071.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ○ No |

01/30/2013
SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ○ No |
| Has transcript been filed in district court? | ○ Yes | ○ No |
| Is transcript order attached? | ○ Yes | ○ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ○ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ○ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ○ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| |

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

1. Whether the Court below erred in finding there was no evidence supporting Appellant's claims and awarding summary judgment to Appellee.
2. Whether the trial court erred in holding that Appellee, as Agent for the Trustee, did not owe a fiduciary duty to protect the trust assets in Appellant's investement agency account.
3. Whether the trial court erred in finding that Appellee did not breach its fiduciary duty when it advised Appellant to enter the loan Appellee issued (secured by the Trust) while Appellee was a Trustee of the Trust.
4. Whether the trial court erred in holding the Appellee did not undertake or breach any fiduciary duties independent of or pursuant to the Investment Agency Agreement.
5. Whether the trial court erred in holding the Appellant's decision to stop counting certain stock in the Trust as eligible collateral unless the stock was sold constitutes a breach of fiduciary duty and/or actual or constructive fraud.
6. Whether the trial court erred when it held Appellee, as Trustee, did not commit actual or constructive fraud when it induced Appellant to deposit additional stock into the encumbered accout when there was no benefit for the Appellant to do so.
7. Whether the trial court erred in not considering the experts' testimony and the admissions of the Appellee.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| | |
|---|---|
| Adverse Party: Wells Fargo Bank, N.A.<br><br>Attorney: Michael Cashman<br>Address: Womble Carlyle<br>550 South Main Street<br>Suite 400<br>Greenville, SC 29601<br><br>E-mail: mcashman@wcsr.com<br><br>Phone: 864-255-5400 | Adverse Party:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: |

**Adverse Parties (continued)**

| | |
|---|---|
| Adverse Party:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: <br><br> Attorney: <br> Address: <br><br><br><br> E-mail: <br><br> Phone: | Name: <br><br> Attorney: <br> Address: <br><br><br><br> E-mail: <br><br> Phone: |
| **Appellant (continued)** ||
| Name: <br><br> Attorney: <br> Address: <br><br><br><br> E-mail: <br><br> Phone: | Name: <br><br> Attorney: <br> Address: <br><br><br><br> E-mail: <br><br> Phone: |

**Signature:** _____     **Date:** _____

**Counsel for:** _____

**Certificate of Service**: I certify that on _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

|  |  |
|---|---|
|  |  |
| Signature: | Date: |